BILAL A. ESSAYLI
Acting United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CHRISTOPHER C. KENDALL (Cal. Bar No. 274365)
Assistant United States Attorney
Deputy Chief, Transnational Organized Crime Section
SAMUEL J. DIAZ (Cal. Bar No. 304503)
Assistant United States Attorney
Transnational Organized Crime Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2576/3045
    Facsimile: (213) 894-0142
    E-mail:   christopher.kendall@usdoj.gov
            samuel.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 23-411(A)-HDV-16 |
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT JULIO CESAR RODRIGUEZ |
| v. | |
| JULIO CESAR RODRIGUEZ, | Hearing Date: November 13, 2025<br>Hearing Time: 1:30 p.m. |
| Defendant. | Location:    Courtroom of the Hon. Hernan D. Vera |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Christopher C. Kendall and Samuel J. Diaz, hereby files its sentencing position regarding defendant JULIO CESAR RODRIGUEZ.

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit. The government respectfully reserves the right to file a response to any of defendant's sentencing positions and to file a supplemental sentencing position if necessary.

Dated: October 23, 2025           Respectfully submitted,

                                  BILAL A. ESSAYLI
                                  Acting United States Attorney

                                  ALEXANDER B. SCHWAB
                                  Assistant United States Attorney
                                  Acting Chief, Criminal Division


                                       */s/ Christopher C. Kendall*
                                  CHRISTOPHER C. KENDALL
                                  SAMUEL J. DIAZ
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On July 24, 2025, defendant JULIO CESAR RODRIGUEZ ("defendant") pleaded guilty to Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A).  On October 8, 2025, the United States Probation Office ("USPO") filed its Presentence Report ("PSR") (Dkt. No. 495) and recommendation letter ("Recommendation Letter") (Dkt. No. 494).  The USPO determined that the total applicable offense level is 24, and that defendant's criminal history falls within category I, resulting in a range under the sentencing guidelines of 57 to 71 months.  (PSR ¶ 144.)  However, at the time that the USPO completed the PSR, because defendant had not satisfied all five of the safety-valve criteria, the USPO concluded that defendant was subject to a statutory minimum sentence of ten years' imprisonment.  (Id.)

The government concurs with the USPO's calculation of defendant's criminal history category, but objects to its calculation of defendant's total offense level and its ultimate recommendation.  Specifically, after the PSR was filed, defendant satisfied the fifth criterion of safety valve, which results in a total offense level of 22 and a sentencing guidelines range of 46 to 57 months.  Accordingly, the government believes that a low-end sentence of 46 months in custody, followed by a five-year term of supervised release is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

## II. FACTUAL BACKGROUND

Beginning on a date unknown, and continuing to at least until July 31, 2024, defendant knowingly and intentionally agreed with co-conspirators to distribute and possess with intent to distribute controlled substances. (Id. ¶ 33.) Intending to help accomplish the purpose of the conspiracy, defendant knowingly conspired to distribute at least 50 grams of methamphetamine, a Schedule II controlled substance. (Id.)

In furtherance of the conspiracy, and to accomplish its objects, defendant specifically admits that he and his coconspirators took the following actions, among others:

- On June 15, 2023, defendant and a co-conspirator, Celerino Jaramillo, using coded language in a telephone conversation, discussed Jaramillo selling ounces of methamphetamine to defendant and defendant paying extortionate taxes to Jaramillo if defendant purchased drugs from a person other than Jaramillo. (Id. ¶ 34.)
- On June 18, 2023, Jaramillo received a text message from defendant using coded language in which defendant discussed purchasing methamphetamine from Jaramillo. (Id. ¶ 35.)
- On June 21, 2023, defendant and Jaramillo, using coded language in a telephone conversation, discussed Jaramillo selling drugs to defendant. (Id. ¶ 36.)

## III. THE PRESENTENCE REPORT

Based on the above facts, the USPO determined that: (1) defendant's base offense level was 30, pursuant to U.S.S.G. § 2D1.1(a)(5) and § 2D1.1(c)(5); (2) a three-level decrease was warranted due to defendant's mitigating role, pursuant to U.S.S.G.

2

3B1.2(b); and (3) defendant's timely acceptance of responsibility warranted a three-level decrease pursuant to U.S.S.G. § 3E1.1.  (PSR ¶¶ 44-69.)  Accordingly, the USPO calculated that defendant's total offense level was 27.  (Id. ¶ 50.)

The USPO also determined that defendant has a criminal history score of three, which establishes a criminal history category of II. (Id. ¶ 84.)  The resulting sentencing guideline range is 57 to 71 months.  (Id. ¶ 144.)  At the time that the USPO prepared the PSR, defendant had not yet satisfied all five safety-valve criteria; accordingly, the USPO found that defendant was subject to a statutory minimum sentence of 120 months' imprisonment.  (Id.)

**IV.   USPO's RECOMMENDATION**

The USPO recommends that defendant be sentenced to: a 120-month term of imprisonment; a five-year period of supervised release; and a $100 special assessment (Recommendation Letter at 1-2.)

**V.    OBJECTION TO THE PSR**

After the USPO prepared the PSR, defendant satisfied the fifth criterion of safety valve.  Therefore, pursuant to U.S.S.G. § 2D1.1(b)(18), a two-level decrease should be applied to defendant's offense level.  In addition, pursuant to 18 U.S.C. § 3553(f), defendant should no longer be subject to a mandatory minimum term of imprisonment of ten years.  Accordingly, based on an offense level of 25 and a criminal history category of II, the government believes that the applicable guidelines range is 46 to 57 months' imprisonment.

3

## VI. THE GOVERNMENT'S POSITION – A SENTENCE OF 46 MONTHS IS REASONABLE AND APPROPRIATE PURSUANT TO THE 3553(A) FACTORS

The government requests the Court adopt the factual findings in the PSR, but not the USPO's ultimate sentencing recommendation. Accordingly, the government believes that the following sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a): (a) a sentence of 46 months' imprisonment; (b) a five-year period of supervised release; and (c) a $100 special assessment.

### A. Nature and Circumstances of the Offense, § 3553(a)(1)

Defendant committed a serious offense by conspiring to distribute at least 50 grams of methamphetamine. Accordingly, in light of the nature and circumstances of the offense, the government believes that a sentence of 46 months' imprisonment is appropriate.

### B. History and Characteristics of Defendant, § 3553(a)(1)

In mitigation, defendant had a difficult and abusive childhood, has ongoing mental health issues, and has a long history of substance abuse. (PSR ¶¶ 99-104, 111-113, 114-120.) As such, the government believes that a low-end sentence of 46 months is appropriate.

### C. Need for Deterrence and to Promote Respect for the Law, § 3553(a)(2)

The government respectfully submits that, by requiring defendant to spend 46 months in custody, the Court will impress upon defendant and others the seriousness of defendant's crime, give defendant time to reconsider defendant's actions in light of the consequences, and hopefully deter defendant and others from engaging in additional offenses in the future. In light of these considerations, the government submits that a sentence of 46 months' imprisonment is

appropriate for this defendant.

### D. Policy Statements and Need to Avoid Unwarranted Sentencing Disparities, § 3553(a)(6)

Section 3553(a)(6) requires the Court to minimize sentencing disparities among similarly-situated defendants. One way of doing so is to correctly calculate the Guidelines range. See United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); see also Gall v. United States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Sentencing Guidelines ranges. Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.").

Under the Guidelines, other defendants in the same circumstances as defendant, with an offense level of 22 and a criminal history category of II, could expect to serve between 46 and 57 months in custody. Accordingly, the government believes that its recommended sentence of 46 months' imprisonment -- the low-end of the applicable sentencing guidelines range –- followed by a five-year period of supervised release will avoid unwarranted sentencing disparities with other similarly-situated defendants.

## VII. FINE

The USPO determined that defendant does not have the ability to pay a fine at the time of sentencing. (PSR ¶ 140.) Accordingly, the UPSO recommends that, pursuant to U.S.S.G. § 5E1.2(a), all fines

5

should be waived.  (Recommendation Letter at 1.)  The government agrees with the USPO and believes that defendant is unable to pay any fine at this time or at any point in the foreseeable future.

**VIII.    CONCLUSION**

For the foregoing reasons, a sentence of 46 months in custody is sufficient, but not greater than necessary, to punish defendant, promote respect for the law, deter defendant from committing similar crimes in the future, and avoid sentencing disparities.  See generally 18 U.S.C. § 3553(a).  Accordingly, the government recommends that the Court sentence defendant to 46 months in custody, followed by a five-year period of supervised release, and a mandatory special assessment of $100.